GUS K. WORMS and Others, Copartners Doing Business under the Firm Name and Style of NEWMAN BROS. & WORMS, Appellants, *v.* ALVIN LAKE, Respondent.

First Department, March 21, 1924.

Conversion — pleadings — complaint is sufficient which alleges that defendant received money from plaintiffs and others for specific purpose of drilling for oil on lands leased by defendant and two others, and that defendant converted money.

In an action for conversion of money, the complaint states a cause of action, which alleges that the plaintiffs, together with other persons, advanced money to the defendant under an agreement that the defendant and two others who were the owners of a certain oil and gas lease would expend the money for the purpose of drilling wells on the leased land; that the defendant personally covenanted to keep and hold the moneys so contributed separate and apart from his own money and to employ the same for the purpose specified and for no other purpose; that the defendant did not use the money for the purpose specified, but appropriated it to pay for leases on other properties and for drilling wells upon said other properties without the knowledge or consent of the plaintiffs; that the original enterprise was abandoned and the lease for the land has expired by its own limitation; and that the defendant's two associates had no part in violating the agreement or misappropriating the funds.

APPEAL by the plaintiffs, Gus K. Worms and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of February, 1923, sustaining a demurrer to the second amended complaint.

This action was commenced and a demurrer was interposed to the original complaint prior to the taking effect of the Civil Practice Act.

*Van Vorst, Marshall & Smith* [*Alexander B. Siegel* of counsel; *Wm. Steptoe Keith* with him on the brief], for the appellants.

*Bennett & Sicher* [*William M. Bennett* of counsel], for the respondent.

SMITH, J.:

On the 4th day of June, 1919, this defendant, who lives in the borough of Manhattan, together with one MacKenzie, living in the State of Texas, and also one Hicks, also living in the same State, as parties of the first part, and· about twenty persons or firms, as parties of the second part, entered into an agreement for the drilling for oil in certain territory in Texas. The parties of the second part to this agreement, among whom were these plaintiffs, agreed to contribute different amounts, and the plaintiffs' contribution was the sum of $2,500 for this purpose. The agreement first recited that, whereas, the parties of the first part, to wit, the defendants Lake, MacKenzie and Hicks, were the owners of a certain oil and gas lease, bearing date the 6th day of February, 1918, of certain oil land in the State of Texas, " And whereas, it is supposed that oil or gas underlies the said demised premises and can be produced by drilling wells on the said premises; And whereas, the said parties of the second part are desirous of sharing in the profits, if any, to be derived from the oil or gas or both oil and gas which shall or may be produced from such wells;

" Now this Agreement Witnesseth that for and in consideration of the premises and of the covenants and agreements of the said parties of the first part hereinafter contained and expressed, the parties of the second part hereby covenant and agree to bring in, contribute and pay to the said parties of the first part on the execution and delivery of these presents the sums of money set opposite the names of the said parties of the second part as follows." Then follow the names of the said parties, including the names of these plaintiffs to the amount of $2,500, and further " amounting in all to the sum of Forty Thousand Dollars and that such payment shall be made to the said Alvin Lake, one of the parties of the first part.

" And the said Alvin Lake, party of the first part, for and in consideration of the premises, hereby covenants and agrees to keep and hold the said moneys so as aforesaid to be contributed and paid by the said parties of the second part, separate and apart from his own money and to use and employ the said moneys for the purposes specified in these presents and for no other purpose whatever."

The agreement then provides for certain other acts by the three parties of the first part, including the drilling of wells and procuring the construction of buildings, tanks, machinery and so forth, and for the use of the moneys that might be received from the sale of the oil which was expected to be obtained upon these grounds.

The complaint, to which this agreement is attached as an exhibit, after alleging the payment of these moneys to the said Lake, alleges

First Department, March, 1924. [Vol. 208

that without knowledge of the plaintiff none of these moneys, amounting to about $40,000 was appropriated to the purposes of the agreement, but that all of these moneys were converted by defendant to other purposes, to wit, the leasing of other properties and the drilling of other wells upon said other properties, all without the knowledge and consent of these plaintiffs. The plaintiffs then sue Lake in conversion for having misappropriated the moneys intrusted to him by the plaintiffs.

While there were two others associated with Lake, as parties of the first part to the agreement, there was certain work to be done by them in the procuring of machinery and the drilling for oil upon the specific premises. But this appears to have been entirely abandoned, and furthermore, it appears that the lease under which Lake and his two associates claimed to have the right to drill upon these specific premises had been forfeited by failure to drill thereupon for a period of five years under the terms of the lease itself, so that not only has the entire joint venture as far as these premises are concerned been entirely abandoned, but it was never even started. While these moneys were to be devoted to this purpose of drilling for oil upon these specific premises, the moneys, nevertheless, were intrusted to the defendant Lake personally, and not to Lake and his associates, and the subscribers, including the plaintiff, all of them, received Lake's personal covenant to keep these moneys separate and apart from his own moneys and to apply them only for the purpose specified in the contract which was drawn. Under such circumstances a cause of action for conversion is clearly stated. Suppose these moneys had been delivered to a third party for use for this specific purpose and had not been so used, but had been converted for other purposes, it would be clear that this third party would be liable to an action for conversion. It cannot matter, therefore, that the moneys are so intrusted to the defendant, who happened to be one of the parties to the agreement. The special obligation assumed and violated was assumed by his personal covenant and not by the covenants of his associates. There is to be no accounting. If any of the other parties agreed to this conversion they cannot sue the defendant therefor, but the conversion of the plaintiffs' money was made without their knowledge or consent, and the defendant's liability for that conversion was, I think, clearly distinct and separate from his liability to account to the contributors to the fund intrusted by them to defendant if they should elect so to pursue him.

The respondent in his brief relies largely upon our former decision in this same case, reported under the name of *Worms* v. *Lake*

(198 App. Div. 776), in which this same relief was sought against this same defendant. But the allegations in the complaint in that case were quite different from the allegations in the complaint here. It was held in that case that " the joint adventure has proceeded too far to warrant the plaintiffs in withdrawing their funds at will, since their coadventurers may wish to proceed with the enterprise and to require the defendant to restore the misappropriated funds and to expend them as provided in the agreement." It was, therefore, held that " any relief to which the plaintiffs may be entitled must be had in a suit in equity to which their coadventurers are parties." After this determination the complaint was amended and by the allegations inserted in the amended complaint it appears that no attempt was made to make borings upon the land in question or to obtain the oil therefrom, but that all moneys were converted by the defendant Lake for working upon other oil lands than those specified in the agreement under which the moneys were contributed. It further appears by the amended complaint that the lease which was held by Lake and his two associates on the land on which these borings were to be made and in which this oil was to be sought has expired by its own limitation, so that there is no possibility that any other subscribers to the agreement would have the right to insist that the moneys subscribed by the plaintiffs should thereafter be devoted to any purposes contemplated by the agreement under which the subscription was made and the moneys paid over. It nowhere appears that the two associates of the defendant were parties to the violation of the trust and misappropriation of these funds, and in view of the entire abandonment of the enterprise contemplated by the original agreement before undertaken each subscriber would seem to have a right of action against the defendant upon his covenant to hold the funds separate and apart and to apply them only for the purposes contemplated by that agreement.

The order sustaining the demurrer should, therefore, be reversed, with ten dollars costs and disbursements, and the demurrer overruled, with ten dollars costs, with leave to the defendant to answer within twenty days from the service upon him or his attorneys of a copy of this order and on payment of said costs.

DOWLING, FINCH, MCAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and demurrer overruled, with ten dollars costs, with leave to the defendant to withdraw demurrer and to answer within twenty days from service of order upon payment of said costs.